IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BOUBACAR KEITA,

Petitioner,

vs.

WARDEN, MCCOOK DETENTION CENTER,
TODD BLANCHE, Acting U.S. Attorney
General; MARKWAYNE MULLIN, Secretary
of Homeland Security; and DAVID J.
VENTURELLA, Senior Official Performing the
Duties of the Director of U.S. Immigration &
Customs Enforcement;

Respondents.

**8:26CV366**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Keita Boubacar[1]'s petition for a writ of habeas corpus. (Filing No. 1). Boubacar, a noncitizen detained by U.S. Immigration and Customs Enforcement, alleges his detention has become unconstitutionally prolonged. But as the Eighth Circuit has held, due process imposes no time limit on detention pending removal, so his petition will be denied. *Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024).

**BACKGROUND**

Boubacar is a native and citizen of Equatorial Guinea. (Filing No. 1 at 11). He entered the United States near Otay Mesa, California in February 2024. (Filing No. 1 at 11). U.S. Immigration and Customs Enforcement (ICE) detained him at the border, initiated removal proceedings against

---

[1] Boubacar's first and last name are transposed in the caption of this case. (Filing No. 4 at 1).

him, and released him into the country on an order of release on recognizance. (Filing No. 6 at 3-4).

In November 2025, ICE detained Boubacar again after learning he had been convicted for driving without liability insurance. (Filing No. 6 at 4). An immigration judge ordered Boubacar removed to Uganda around three months later. (Filing No. 6-6). Boubacar appealed that decision (Filing No. 6-7), and his appeal is pending. (Filing No. 1 at 9).

Boubacar petitioned this Court for habeas relief in February 2026. He alleged his detention was unlawful in that he "[was] currently being mandatorily detained under [8 U.S.C. § 1225(b)(2)] and ha[d] not been afforded a bond hearing." *Boubacar v. Blanche,* 2026 WL 972708, at \*1 (D. Neb. Apr. 10, 2026) (*Boubacar I*). He also argued his detention without a bond hearing "violate[d] well-established principles of procedural due process." *Id.*

The Court rejected both arguments and denied Boubacar's petition. *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) answered the statutory question. *See Boubacar I,* 2026 WL 972708, at \*2 ("*Avila* settles the issue of whether § 1225 applies to Boubacar. It does. He is an 'applicant for admission' as that term is defined by statute: '[a]n alien present in the United States who has not been admitted or who arrives in the United States.'"). And the Court concluded that Boubacar's detention did not violate his due process rights, either. *See id.* at \*3 ("While *Avila* does not foreclose Boubacar's procedural due process claim, other Supreme Court and Eighth Circuit precedent does.").

Boubacar now seeks habeas relief a second time. In his new petition, he argues his "prolonged" detention during the pendency of his appeal violates his due process rights. (Filing No. 1 at 14). Specifically, he says his "continued detention is no longer reasonable in light of its duration and the absence of any meaningful indication that his immigration proceedings will conclude in the immediate future." (Filing No. 1 at 15). Boubacar also argues his continued detention "no longer serves the limited civil purposes for which immigration detention is authorized." (Filing No. 1 at 16). He therefore seeks immediate release or a bond hearing. (Filing No. 1 at 18).

2

The Court (Bataillon, J.)[2] entered an order to show cause directing the Respondents to respond to the petition and Boubacar to reply. (Filing No. 3). The Respondents did so (Filing No. 4; Filing No. 9), but Boubacar did not reply by his deadline. The Court therefore considers the matter submitted on the parties' written filings to date and, given the issues here are purely legal, declines to hold a hearing. *See* 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.").

## STANDARD OF REVIEW

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Constitution guarantees that the writ of habeas corpus is available to every individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art. I, § 9, cl. 2). The Court's jurisdiction to hear habeas challenges extends to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Under 28 U.S.C. § 2241, a district court can grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Boubacar bears the burden to show his custody is unlawful. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## DISCUSSION

28 U.S.C. § 2243 provides that the Court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Here, the face of Boubacar's petition shows he is not entitled to habeas relief. For the reasons stated below, then, the Court will deny his petition without requiring the Respondents to show cause.

Though there is no precise timetable for the conclusion of Boubacar's removal proceedings, the Eighth Circuit has held that "[d]ue process imposes no time limit on detention pending deportation[.]" *Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024). "The rule has been clear for decades: '[d]etention during deportation proceedings [i]s . . . constitutionally valid.'" *Id.* (quoting *Demore v. Kim*, 538 U.S. 510, 523 (2003)). Because "Congress may make rules as to

---

[2] Though initially assigned to Judge Bataillon, this case was reassigned to the undersigned because it is related to *Boubacar I*, 8:26cv59. (Filing No. 10); *see* NEGenR 1.4(a)(4)(C)(iii).

3

aliens that would be unacceptable if applied to citizens," the government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* (quoting *Demore,* 538 U.S. at 526). "In other words, the government has more flexibility when dealing with immigration." *Id.*

In the detention context, that flexibility is not temporally limited. "[N]othing suggests that length determines legality" of immigration detention during removal proceedings. *Id.* at 932. "To the contrary, what matters is that detention pending deportation 'ha[s] a definite termination point'—deporting or releasing the alien—making it 'materially different' from the 'potentially permanent' confinement authorized by other statutes." *Id.* (quoting *Demore,* 538 U.S. at 528-29); *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Read most naturally, §§ 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded."); *Zadvydas,* 533 U.S. at 697 (drawing the same definite-versus-indefinite distinction). There are, then, no "constitutional problem[s]" with detaining a noncitizen during removal proceedings when "deportation is still on the table." *Banyee,* 115 F.4th at 933; *see Demore,* 538 U.S. at 528 ("explaining that, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means," so it is sufficient if "detention necessarily serves the purpose of preventing deportable aliens from fleeing prior to or during their removal proceedings"). Or more simply put, the "bright-line rule" is that "the government can detain an alien for as long as deportation proceedings are still '*pending*.'" *Banyee,* 115 F.4th at 933 (quoting *Demore*, 538 U.S. at 527) (emphasis in original). For Boubacar, they are. (Filing No. 6-6).

Here, *Banyee* forecloses Boubacar's prolonged detention claim. "What is important is that, notwithstanding the delay, deportation remains a possibility." *Id.* at 933. Boubacar, "after all, is appealing an order that *requires* his removal[.]" *Id.* at 934 (emphasis in original). His detention has a definite termination point: removal or release if he prevails before the Board of Immigration Appeals. His detention during the appellate process is therefore "constitutionally permissible" because his removal "proceedings are still pending." *Id.* at 932, 933 (citation modified).

Boubacar's arguments regarding the purpose of his detention fare no better. In *Demore,* the Supreme Court recognized detention of "deportable" noncitizens "pending their removal proceedings" *categorically* "serves the purpose of preventing [removable noncitizens] from

4

fleeing prior to or during their removal proceedings, thus increasing the chance that" all "will be successfully removed." 538 U.S. at 528. Boubacar's detention continues to serve the legitimate purpose of preventing flight during his ongoing removal proceedings.

Accordingly,

**IT IS ORDERED:**

1.   Petitioner Keita Boubacar's petition for a writ of habeas corpus (Filing No. 1) is denied.

2.   A separate judgment will be entered.

Dated this 13th day of August, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

5