IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BOUBACAR KEITA,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, MCCOOK DETENTION CENTER, TODD BLANCHE, Acting U.S. Attorney General; MARKWAYNE MULLIN, Secretary of Homeland Security; and DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director of U.S. Immigration & Customs Enforcement;<br><br>Respondents. | **8:26CV366**<br><br>**ORDER** |

This matter is before the Court on Petitioner Boubacar Keita's Petition for a Writ of Habeas Corpus (Filing No. 1). Keita seeks immediate release from the custody of the Department of Homeland Security and ICE at McCook Detention Center in McCook, Nebraska.

Keita is a native and citizen of Equatorial Guinea. (Filing No. 1 at 11). He entered the United States near Otay Mesa, California in February 2024. (Filing No. 1 at 11). U.S. Immigration and Customs Enforcement (ICE) detained him at the border, initiated removal proceedings against him, and released him into the country on an order of release on recognizance. (Filing No. 6 at 3-4, Filing No. 6-2).

In November 2025, ICE detained Keita again after learning that he had been convicted for driving without liability insurance. (Filing No. 6 at 4). Keita states that he sought release on bond, and in December 2025, the immigration judge denied the request. (Filing No. 1 at 12). The Federal Respondents submitted a declaration from Deportation Officer Steven Draves stating that Keita "never requested a bond hearing." (Filing No. 6 at 4).

In February 2026, an immigration judge ordered that Keita be removed to Uganda under the Asylum Cooperative Agreement with Uganda. (Filing No. 6-6). Keita appealed that decision (Filing No. 6-7), and his appeal remains pending. (Filing No. 6 at 4).

Keita first petitioned this Court for habeas relief in February 2026. He alleged his detention was unlawful in that he "[was] currently being mandatorily detained under [8 U.S.C. § 1225(b)(2)] and ha[d] not been afforded a bond hearing." *Boubacar v. Blanche,* 2026 WL 972708, at *1 (D. Neb. Apr. 10, 2026). He also argued his detention without a bond hearing "violate[d] well-established principles of procedural due process." *Id.* The Court rejected both arguments and denied Keita's petition. In doing so, the Court determined that *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) answered the statutory question, that Keita's procedural due process claim was also foreclosed. *See Boubacar*, 2026 WL 972708, at *2-3.

Keita again sought habeas relief in July 2026. (Filing No. 1). In his second petition, he sought immediate release or a bond hearing because he alleged that his "prolonged" detention during the pendency of his appeal violates his due process rights. (Filing No. 1 at 14). Specifically, he says his "continued detention is no longer reasonable in light of its duration and the absence of any meaningful indication that his immigration proceedings will conclude in the immediate future." (Filing No. 1 at 15). The Court denied relief with respect to this prolonged detention claim. *Keita v. Warden*, 2026 WL 2349948 (D. Neb. Aug. 13, 2026). The order relied on Eighth Circuit precedent that detention during deportation proceedings is constitutionally valid and that "[d]ue process imposes no time limit on detention pending deportation[.]" *Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024). *See also Demore v. Kim*, 538 U.S. 510, 523 (2003).

Keita then successfully moved for the Court to reopen and reconsider his second Petition for Writ of Habeas Corpus. (Filing No. 14). In his motion, he alleged for the first time that he is presently being held pursuant to 8 U.S.C. § 1226(a) because prior to his arrest, he had been released into the community on an Order of Recognizance. (Filing No. 13, Filing No. 6-2).

In the Court's order granting Keita's Motion to Reopen and Reconsider his Writ of Habeas Corpus Petition, the Court indicated it would inform the Respondents if any additional response is needed from them once Keita's response to my order was received. (Filing No. 14.) The court has now received Keita's response, which indicated he will stand on his evidence and arguments already presented to the court. (Filing No. 15.) Based on the allegations contained in Keita's motion, and the materials he submitted, the Court needs some additional information from the Federal Respondents only.

**THEREFORE, IT IS ORDERED:**

1. The Federal Respondents shall, on or before October 8, 2026, answer the following:
   a. In light of Petitioner's claim that he requested a bond redetermination hearing and was denied bond on December 17, 2025, (Filing No. 1), and Federal Respondents claim that Petitioner never requested a bond hearing, (Filing No. 6 at 4), the Court needs clarification of whether a bond redetermination hearing was ever held at any time

during Petitioner's detention. Federal Respondents should include documents related to any bond redetermination hearing or requests for bond redetermination with their response.

b. Respond to Petitioner's additional argument that he was released on an Order of Recognizance when he was arrested; this order of release was not revoked; and that accordingly, he is detained pursuant to 8 U.S.C. § 1226(a). See *Chirinos-Pirona v. Mullin*, 2026 WL 2455164 (D. Neb. Aug. 21, 2026).

c. Respond to Petitioner's additional argument that if 8 U.S.C. § 1226(a) applies, he is now entitled to a bond hearing or immediate release. See *Id*.

d. State the Federal Respondents' position on whether a hearing is necessary on the additional arguments raised by Petitioner.

2. The Court does not require the Federal Respondents to respond further unless they choose to submit additional argument and/or evidence to any of Petitioner's other arguments in his motion.

3. The Clerk of Court is directed to mail a copy of this Memorandum and Order to Petitioner at his address of record.

Dated this 1st day of October, 2026.

BY THE COURT:

Susan M. Bazis

Susan M. Bazis
United States District Judge